UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOWANDA T. BROWN,

           *Plaintiff*,

v.

DRT STRATEGIES, INC.,

           *Defendant*.

Civil No.: 1:21-cv-03144-JRR

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff's Motion to Amend Complaint. (ECF No. 39; "the Motion.") The court has before it all motions papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the Motion is denied.

### BACKGROUND

On December 10, 2021, Plaintiff filed a complaint against Defendant alleging race and sex discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) The court issued a scheduling order on February 8, 2022, and it was in place until the court stayed discovery pending a show cause hearing. The parties engaged in written discovery and held depositions from February 20, 2022 through May 17, 2022. After the show cause hearing on June 9, 2022, pursuant to a new scheduling order, the court extended discovery to September 30, 2022. The parties completed discovery and filed a joint status report on September 30, 2022 that indicated Defendant would file a motion for summary judgment by November 11, 2022. On October 15, 2022, Plaintiff filed the Motion.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a) "[a] party may amend its complaint once as a matter of course." FED. R. CIV. P. 15(a).  Once the defendant files a responsive pleading, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *Id.*  Rule 15(a) states that "[t]he court should freely give leave when justice so requires."  *Id.*

**ANALYSIS**

Plaintiff requests leave to amend to expand upon her retaliation and discrimination claims based upon what she asserts is new, material facts she learned in depositions.  (ECF No. 39.) Defendant's position is that an amendment at this stage of the proceedings would be unfairly prejudicial to Defendant.  (ECF No. 40.)

The court is ever-mindful and sensitive to the challenges self-represented litigants face. That said, Plaintiff "as well as other litigants are subject to the time requirements and respect for courts orders without which effective judicial administration would be impossible."  *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).  As important as it is to ensure self-represented litigants be provided open and equal access to the courts, fairness likewise demands that a party represented by counsel not be expected to endure material departures from court rules—especially where doing so imposes an unreasonable delay, expense, or other prejudice.

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).  "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."  *Id.* at 427.

2

"A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" *Id.* (quoting *Johnson*, 785 F.2d at 509). The further a case progresses "before judgment [is] entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Id.* (citing *Adams v. Gould*, 739 F.2d 858, 864 (3d. Cir. 1984)). In contrast, an amendment is not prejudicial when "it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)).

Plaintiff's explanation for her delay in filing for leave to amend is that she did not receive the deposition transcripts until October 15, 2022. (ECF No. 44.) Notably, however, Plaintiff was present during the testimony at the depositions on September 15, 2022, and subsequently offered no indication to Defendant that she intended to amend the complaint prior to submitting the joint status report. Additionally, the new information relied upon by Plaintiff has been in her possession since April 2022 and Plaintiff had the opportunity to file an amended complaint prior to the close of discovery on September 30, 2022. The amendment would require the reopening of discovery and further delay the deadline for dispositive motions. Thus, an amendment at this late stage of the proceedings would cause extraordinary avoidable delay and considerable litigation expense, and therefore visit unfair and material prejudice upon Defendant.

## CONCLUSION

For the reasons set forth herein, by accompanying order issued herewith, Plaintiff's Motion to Amend Complaint (ECF No. 39) is **DENIED**.

/S/

_____
Julie R. Rubin
United States District Court Judge